IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN YOUNG,

      Plaintiff,                                    No. CIV S-11-2491 KJM-JFM

      vs.

MATTHEW CATE, in his capacity as the      ORDER
Secretary of the California Department of
Corrections and Rehabilitation,

      Defendant.

_____/

      This matter comes before the court upon plaintiff's request for an extension of time for the first phase of discovery. (ECF 34.) Plaintiff contends good cause exists for this extension because plaintiff's initial counsel was replaced in the middle of discovery and he needs more time to sift through defendant's discovery responses. Defendant opposes plaintiff's request, contending plaintiff has failed to show good cause, having failed to show why he did not initiate discovery earlier or request an extension until after discovery had closed. (ECF 35 at 2.) Defendant further contends an extension will prejudice him, as defendant cannot determine how much additional work will be necessary to respond to plaintiff's discovery related objections and because defendant cannot predict the outcome of the motion to compel discovery plaintiff will probably file. (*Id.* at 3.)

1

In its status (pretrial scheduling) order, issued on February 22, 2012, the court ordered parties to appear at a further status conference on June 28, 2012. (ECF 28.) At this further status conference, the court granted plaintiff leave to file a request to extend the discovery cutoff. (ECF 33.) Plaintiff has complied with the deadlines set by the court for filing said request.

## I. STANDARD

Federal Rule of Civil Procedure 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." The determination of "good cause" "focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes on 1983 amendment).

## II. ANALYSIS

Plaintiff has shown good cause for this limited modification of the scheduling order. The schedule was set in this case on February 22, 2012. Plaintiff's counsel left the firm in March 2012. Plaintiff's new counsel was not assigned by the firm until May 2012, and he propounded discovery within one week of his assignment. Moreover, defendant has failed to show prejudice; in any event, plaintiff's diligence outweighs defendant's claims of prejudice. *Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted] If the party was not diligent, the inquiry should end.").

/////

/////

/////

III.  CONCLUSION

      For the foregoing reasons, the court hereby grants plaintiff's request for an extension of time for the first phase of discovery. The first phase of discovery shall be conducted by August 23, 2012. All other deadlines set in the court's status (pretrial scheduling) order remain unchanged.

      IT IS SO ORDERED.

DATED: July 31, 2012.

                                      UNITED STATES DISTRICT JUDGE