UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN YOUNG, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DR. JEFFREY BEARD,[1] in his capacity as the Secretary of the California Department of Corrections and Rehabilitation,<br><br>Defendant. | No. 2:11-cv-02491-KJM-AC<br><br><br>ORDER |

Before the court are plaintiff's motion to amend certification order (ECF 70) and defendant's motion for sanctions (ECF 77), which the court has decided on the papers. For the reasons below, plaintiff's motion is DENIED and defendant's motion is GRANTED in part and DENIED in part.

I.   ALLEGED FACTS AND PROCEDURAL BACKGROUND

Plaintiff, a corrections officer at Mule Creek State Prison, claims that the California Department of Corrections and Rehabilitation's ("CDCR") policy to request time off illegally requires him and other putative class members to work without being paid. (FAC ¶¶ 1-3,

---

[1] The court effects substitution of Dr. Jeffrey Beard for Matthew Cate, to name the current CDCR Secretary.  FED. R. CIV. P. 25(d).

13–15.) Plaintiff alleges that all adult CDCR facilities in the state of California utilize this same policy, which requires that Holiday Time Off ("HTO") request forms be submitted exactly thirty days prior to the holiday requested and exactly thirty minutes prior to the start of the shift on the day the request is submitted. (*Id.* ¶¶ 13–15.) Plaintiff alleges this policy also requires correctional officers to wear their uniforms as they submit their HTO forms. (*Id.* ¶ 14.) Moreover, upon arriving at work to submit HTO forms, plaintiff alleges corrections officers are often asked to perform tasks before their assigned work time begins. (*Id.*) Officers are not paid for this additional time worked. (*Id.* ¶ 15.)

    This court granted plaintiff's motion for conditional certification on February 22, 2013. (ECF 58.) The court defined the conditional class as rank-and-file correctional officers currently employed at Mule Creek State Prison. (*Id.* at 9.) The court approved the parties' class notice procedures on March 1, 2013 (ECF 59), and plaintiff filed dozens of opt-in forms signed by correctional officers currently working at Mule Creek on June 11, 2013 (ECF 66; ECF 67). Plaintiff now seeks to expand the scope of this conditional class to include "[a]ll current and former Corrections Officers employed by the California Department of Corrections during the relevant time period, who requested holiday time off but were not paid wages during all or part of their employment." (ECF 70 at 3.)[2]

    Plaintiff filed the instant motion to amend certification order on August 22, 2013. Defendant opposed on September 13, 2013 (ECF 72), and plaintiff replied on September 20, 2013 (ECF 74). Defendant then filed the instant motion for sanctions on October 1, 2013. (ECF 77.) Plaintiff opposed on October 25, 2013 (ECF 78), and defendant replied on November 1, 2013 (ECF 81).

/////

/////

/////

---

[2] Plaintiff has submitted documents in connection with the instant motion (Ex. 3) that this court already declined to consider due to lack of authentication. (*See* ECF 58 at 4–5.) The court again disregards these documents.

II.     MOTION TO AMEND CERTIFICATION ORDER

   A.     Standard

The parties do not agree on what standard the court should apply to plaintiff's motion to amend the class certification order. Plaintiff asserts modification is proper under both Federal Rule of Civil Procedure 23(c)(1)(C), which authorizes amendment to traditional Rule 23 class action certification orders, and Rule 60(b), which permits a court to vacate a final judgment or order when, among other things, new evidence is discovered. (ECF 70 at 2–3.) Defendant argues neither of these standards applies and urges the court to treat the instant motion as a motion for reconsideration, which defendant argues is disfavored and must be denied when movants attempt to "'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" (ECF 72 at 6 (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).)

No clear authority exists on what standard a district court should apply to a motion to modify a conditionally certified class under the Fair Labor Standards Act ("FLSA"). FLSA collective actions are fundamentally different from Rule 23 class actions. *See, e.g.*, *Genesis Healthcare Corp. v. Symczyk*, __ U.S. __, 133 S. Ct. 1523, 1532 (2013) ("Whatever significance 'conditional certification' may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23."). Moreover, FLSA conditional class certification, by its very nature, is conditional and therefore interlocutory, so Rule 60(b) is inapplicable. *Cf. United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) ("Rule 60(b). . . applies only to motions attacking final, appealable orders . . . .").

It is clear, however, that the standard applicable to initial conditional certification under the FLSA is more lenient than class certification under Rule 23. *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009) ("The requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal Rules of Civil Procedure." (citation and internal quotations marks omitted)). Under Rule 23, district judges have an obligation to "define, redefine, subclass and decertify as appropriate in response to the progression of the case from assertion to facts." *Richardson v. Byrd*, 709 F.2d

1016, 1019 (5th Cir. 1983).  This is because "the class certification is usually made early in the case," and therefore "it may become necessary to modify the class definition after further discovery or other events which alter the parameters of the class." *Moeller v. Taco Bell Corp.*, No. C 02-5849 MJJ, 2004 WL 5669683, at *1 (N.D. Cal. Dec. 7, 2004) (citation and internal quotations marks omitted).  This reasoning applies with even greater force to conditional certification under the FLSA because conditional certification is held to a lower standard and can occur still earlier in a case's life.

Here, having previously granted limited conditional class certification, the court will apply the standard for a motion for reconsideration of an interlocutory order, for two reasons. *Cf. Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) ("As long as a district (or an appellate) court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").  First, both parties agree that plaintiff's motion is properly granted if it contains new evidence not available at the time plaintiff moved for conditional certification. (*See* ECF 70 at 3–4 (stating plaintiff will prevail under Rule 60(b) because his evidence is newly discovered and could not be discovered earlier); ECF 72 at 6 (agreeing plaintiff bears this burden but concluding the opposite).)  Second, judicial economy is favored if the court is not required to reassess the class parameters based upon evidence plaintiff reasonably could have procured at the time he originally moved for class certification. *See Carter v. Variflex, Inc.*, No. CV 98-0167 WJR(RNBX), 2000 WL 35789500, at *1 (C.D. Cal. Apr. 18, 2000) (stating while reconsidering an interlocutory order that "[f]or reasons of judicial economy, motions for reconsideration are disfavored").

Local Rule 230(j) provides that a motion for reconsideration may be made if it sets forth the material facts and circumstances demonstrating why reconsideration is being sought, including "why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(4). "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *1 (E.D. Cal. Mar. 23, 2011).  "A

4

motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) (original emphasis).

B.  Analysis

Plaintiff argues this court should now conditionally certify a class consisting of former and current rank-and-file corrections officers throughout the state of California. (ECF 70 at 3.) Plaintiff asserts this expansion of the class is warranted based upon the declaration of Stella Miles. (*Id.* at 4.) Miles states that she has been employed by defendant since April 1995 and has worked at Valley State Prison for Women and California State Prison, Chowchilla.[3] (Decl. of Stella Miles ¶ 2, Ex. 1, ECF 70.) While working at these two facilities, Miles avers she was subject to the holiday time off ("HTO") policy that required her to submit time off requests in uniform prior to her shift, during which time she often was required to work without pay. (*Id.* ¶¶ 3-4.) Plaintiff contends this information only became available during the notice and opt-in period after plaintiff's motion for conditional certification was granted because "Plaintiffs did not and cannot solicit clients, thus Plaintiffs had no way of uncovering this information without the formal notice process." (ECF 70 at 4.) The Miles declaration supports plaintiff's proposed class, plaintiff argues, because it proves plaintiff needs access to the entire correctional officer workforce, as plaintiff has no way of knowing how many other officers currently employed at other prisons previously worked at one of the three prisons plaintiffs have discovered so far that utilize the HTO policy nor which other prisons engage in the unlawful HTO procedures. (*Id.*)

Defendant argues plaintiff does not meet his burden on a motion for reconsideration. (ECF 72 at 7.) Defendant asserts plaintiff bears the burden to show why he could not have discovered with reasonable diligence the Miles declaration at the time he first

---

[3] The typed declaration states "California State Prison, Sacramento," but Sacramento is crossed out and "Chowchilla, CA" is written above it along with plaintiff's initials. (Miles Decl. ¶ 2.) Therefore, the court understands Miles to have worked at California State Prison in Chowchilla, not in Sacramento, despite Miles referring again in the next paragraph of her declaration to her employment at "California State Prison, Sacramento." (*Id.* ¶ 3.)

moved for conditional certification. (*Id.* at 8.) Defendant contends plaintiff had the benefit of much discovery, including 2,600 pages of documents encompassing the written procedures of approximately thirty adult correctional institutions, when moving originally. (*Id.* at 9.) Even if the court considered the Miles declaration, defendant argues, it does not support conditional certification as a matter of law, it lacks foundation, and Miles lacks sufficient knowledge. (*Id.* at 9–15.) Finally, defendant asserts that amending the certification order would unduly prejudice defendant. (*Id.* at 15–16.)

The court first addresses whether plaintiff has borne his burden by demonstrating he could not reasonably have produced the Miles declaration when he first moved for conditional certification. Then the court turns to whether the Miles declaration supports expanding the definition of the conditionally certified class. As discussed below, the court finds plaintiff has borne his burden but concludes the declaration is not sufficient to support expanding the conditionally certified class.

        1.       Burden

Plaintiff has demonstrated why he could not reasonably have produced the Miles declaration when he moved initially for conditional certification. While plaintiff had conducted some discovery prior to moving for certification, that discovery, as defendant concedes, largely produced only formal written policies at defendant's institutions. (*See* ECF 72 at 9.) In contrast, the declarations of corrections officers at Mule Creek, which supported the original conditional certification, suggest that Mule Creek follows an unwritten procedure that, according to plaintiff, violates the law. (*See* Exs. E–O ¶¶ 3–4, ECF 45-5.) The Miles declaration states that a similar HTO procedure existed at two other institutions. (Miles Decl. ¶¶ 3–4.) Moreover, in defendant's opposition to the original certification motion, defendant resisted plaintiff's request that defendant provide the names, addresses, and other information on correctional officers because these officers are afforded strong privacy protections under California law. (ECF 48 at 19 (citing CAL. PENAL CODE §§ 832.7, 832.8; CAL. EVID. CODE §§ 1043, 1046).) Plaintiff represents he could not have produced this declaration from Miles, a correctional officer, without the formal notice process that took place after the conditional certification of the original class. (ECF 70 at 4.)

This assertion is credible and is enough to meet his burden such that the court can grant reconsideration to consider plaintiff's request to expand the present class.

### 2. Expanding the Conditional Class

#### a. FLSA Class Certification Standard

Most courts use a two-step approach to certification of a FLSA collective action. First, the court undertakes an initial inquiry, based primarily on the pleadings and any affidavits submitted by the parties, to determine whether plaintiff is similarly situated to the proposed class so that notice may be sent to the potential class members. *Troy v. Kehe Food Distribs., Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011); *Leuthold v. Destination Am.*, 224 F.R.D. 462, 466–67 (N.D. Cal. 2004). At this first stage, "the Court requires little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." *Troy*, 276 F.R.D. at 649 (internal quotation marks, citations omitted). Second, after class members have opted in, the court employs a stricter standard in determining whether a collective action is warranted and whether the ultimate settlement is fair. *Knipsel v. Chrysler Grp., LLC*, No. 11-11886, 2012 WL 553722, at *1 (E.D. Mich. Feb. 21, 2012); *Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *7 (E.D.N.Y. Jan. 20, 2010).

Because plaintiff is moving to expand conditional certification, this motion is governed by the more lenient standard under step one. Thus, the court's inquiry is whether the Miles declaration is sufficient proof that plaintiff's proposed additional members are similarly situated by being subject to a single policy.

#### b. The Miles Declaration

The relevant portion of Miles's declaration provides:

> 2. Defendant has employed me since 04/1995. I worked at Valley State Prison For Women and California State Prison, Chowchilla, CA. I am employed as a correctional officer. My duties subject me to the uniform policies and procedure of the Defendant.

/////

/////

> 3. During my course of employment at Valley State Prison For Women and California State Prison, Sacramento. I have needed to utilize Holiday Time Off ("HTO"). In order to utilize HTO, I have to wait until less than thirty days to make my request. Then, I have to come in before my shift, complete the form and submit it prior to beginning my shift. This requires me to dress in my work uniform in the morning. I am required to follow all instructions from supervisors and all policies during this time.
>
> 4. This policy has directly affected me. It requires me to rearrange my daily activities whenever I need to make a request. Often times during this period, other work related issues arise and I am required to address those before the start of my official shift. However, I am not compensated for this work.

(Miles Decl. ¶¶ 2–4.)

Plaintiff's assertion that this single declaration is sufficient to support conditional certification of a class of all former and current rank-and-file corrections officers throughout California strains credulity. First, this court has already held that plaintiff may seek prospective relief only. (ECF 16.) Therefore, the class may not consist of former corrections officers. Second, the declaration purports to speak to the policies at only two of defendant's facilities; no evidence is provided about the dozens of other facilities throughout the state. As this court has already held, the scope of such a declarant's knowledge is insufficient as a matter of law to support a state-wide class. (ECF 58 at 7–8 ("However, the officers at a single correctional facility cannot be presumed to have knowledge of the policies at dozens of facilities across the state, without more evidence than plaintiff provides here.").)

Nor is Miles's declaration sufficient to support a narrower class of officers at Valley State Prison for Women and at California State Prison, Chowchilla. First, California State Prison in Chowchilla is not one of the facilities plaintiff alleges to be violating law in his first amended complaint, which is the operative complaint. (*See* FAC ¶ 11.) Therefore, California State Prison in Chowchilla is not properly a part of this action. Second, Miles provides no other information in her declaration indicating when she worked at Valley State Prison for Women or whether the HTO policy continues there. Accordingly, Miles's averments lack foundation and scope to support the assertion that Valley State, like Mule Creek, currently harbors an informal

8

HTO policy that allegedly violates the law.[4]  *See Fernandez v. Wells Fargo Bank, N.A.*, No. 12 CIV. 7193 PKC, 2013 WL 4540521, at *17 (S.D.N.Y. Aug. 28, 2013) (denying conditional certification in part because plaintiffs declarations were deficient).  Plaintiff has not demonstrated corrections officers at Valley State are similarly situated to those at Mule Creek.  *See Troy*, 276 F.R.D. at 649.

    Plaintiff's motion is DENIED.

### III. MOTION FOR SANCTIONS

#### A. Standard

Under Federal Rule of Civil Procedure 11, by signing a document, an attorney certifies that (1) he has read the pleadings or motions he filed and (2) the pleading or motion is "well-grounded in fact," has a colorable basis in law, and is not filed for an improper purpose. FED. R. CIV. P. 11; *accord Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  The Rule requires that the lawyer undertake "an inquiry reasonable under the circumstances" to determine whether his legal contentions are "warranted by existing law" and that his factual claims either "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." FED. R. CIV. P. 11(b).  When considering apparent Rule 11 violations, the court utilizes an objective standard of reasonable inquiry, which does not require a finding of bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991).

#### B. Analysis

Defendant argues plaintiff's motion to amend the conditional certification order is frivolous, because it is not supported by fact or law, for four reasons. (ECF 77-2 at 1.)  First, plaintiff's motion seeks to amend the certification order to include more than thirty-two additional correctional institutions based upon documents previously submitted and disregarded by this court and upon a single declarant with no personal knowledge as to the policies at these additional

---

[4] The court denies defendant's request to strike paragraphs three and four of Miles's declaration because they are immaterial and lack foundation.  The information contained therein is material and the attack on foundation here goes to weight, not admissibility. *Bisno v. United States*, 299 F.2d 711, 715 (9th Cir. 1961).

institutions. (*Id.*) Second, the Miles declaration is not new evidence because it could have been discovered with reasonable diligence prior to plaintiff's original motion to certify. (*Id.*) Third, plaintiff, in contravention of this court's prior orders, again seeks to certify a class consisting of former correctional officers. (*Id.*) Fourth, plaintiff admits he does not have sufficient evidence entitling him to statewide conditional certification by premising his motion in part on this lack of knowledge. (*Id.*) Accordingly, defendant argues plaintiff brought the motion for improper purposes and therefore defendant is entitled to attorney's fees to make defendant whole. (*Id.* at 14–16.)

Plaintiff counters that the premise of defendant's motion, that the Miles declaration is not newly discovered evidence, is incorrect. (ECF 78 at 3.) Moreover, plaintiff contends he brought his motion for proper purposes: to seek extension of the class in good faith and to preserve his record for appeal. (*See id.* at 5.) In sum, plaintiff asserts, defendant's motion is nothing more than an additional opposition to the merits of plaintiff's motion to amend certification order. (*Id.*)

Having reviewed the parties' filings, the court finds a sanction is warranted based upon plaintiff's attempt, in contravention of this court's prior orders, to certify a class consisting of former correctional officers and officers in over thirty-two additional facilities without supporting evidence. (*See* ECF 16 (permitting plaintiff to seek prospective relief only); ECF 58 at 7–8 ("[O]fficers at a single correctional facility cannot be presumed to have knowledge of the policies at dozens of facilities across the state, without more evidence than plaintiff provides here.").) Plaintiff's argument that he needs to preserve his record for appeal is also frivolous. Plaintiff has already made his record; raising issues already decided without support warrants sanctions. *See Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *overruled on other grounds by Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1121 (9th Cir. 2011) ("[S]uccessive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." (citation and internal quotations marks omitted)).

The court finds that sanctions are not warranted on any other ground. As concluded above, plaintiff has demonstrated why he could not reasonably have produced the

10

Miles declaration when he moved initially for conditional certification.  Moreover, plaintiff's attempt to expand the class to two other facilities based upon the Miles declaration, while not successful, was not frivolous.

The court finds a sanction in the form of attorney's fees payable by plaintiff's counsel to defendant's counsel is justified.  *See Islamic Shura Council of S. Cal. v. F.B.I.*, 725 F.3d 1012, 1014 (9th Cir. 2013) (attorney's fees may be granted under Rule 11).  Defendant seeks a sanction in the form of attorney's fees defendant incurred in opposing plaintiff's motion and in preparing the instant motion for sanctions.  (ECF 77-2 at 20.)  Defendant attests these fees amount to more than $9,579.50.  (*Id.*)  While defendant's counsel claims they have billed at least $9,579.50 in opposing plaintiff's motion and in preparing the instant motion for sanctions (Decl. of Jennifer M. Garten ¶ 13, ECF 77-1), defendant's declaration in support of their fee amount does not disaggregate fees, for example, those incurred by their opposition to plaintiff's motion from those incurred by their motion for sanctions.

Because only part of plaintiff's motion was frivolous, defendant would have undertaken much the same effort to oppose it regardless of the frivolity.  On balance, the court finds a sanction in the amount of $1,500 in attorney's fees, payable from plaintiff's counsel to defendant's counsel, is justified.

Defendant's motion for sanctions is GRANTED in part and DENIED in part.

IV.     CONCLUSION

For the foregoing reasons, plaintiff's motion to amend certification order (ECF 70) is DENIED, and defendant's motion for sanctions (ECF 77) is GRANTED in part and DENIED in part.  Plaintiff's counsel shall file a declaration within seven days of this order attesting they have (1) paid defendant's counsel $1,500; and (2) have not passed this cost on to their client.

IT IS SO ORDERED.

DATED: January 7, 2014.

UNITED STATES DISTRICT JUDGE

11